# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
MAR 21 2012
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____ Deputy Clerk

LOUIS D. CRAFT, JR., )
)
Plaintiff, )
)
v. ) No. CIV 10-375-RAW-SPS
)
C.O. OLDEN, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss, plaintiff's motion for summary judgment, and the court's own motion to consider dismissal of the case under 28 U.S.C. § 1915(e). The court has before it for consideration plaintiff's complaint, the parties' motions and responses, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action *pro se* under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendants are DCF Correctional Officer Terra Olden, DCF Case Manager Casey Yandell-Foran, and DCF Correctional Officer Kate Walgreen.

Plaintiff alleges that on March 14, 2010, Defendant Olden called him a "bad nigga around here" and placed him in segregation. On April 13, 2010, Defendant Yandell-Foran allegedly retaliated with two bogus misconducts and a statement that "your black a-- will never leave segregation." Plaintiff also claims that on July 14, 2010, Defendant Walgreen retaliated by issuing him a bogus misconduct, returning him to segregation, and threatening him that "Mrs. Yandell is a friend of mine, and you will not get away with what your [sic] doing."

The defendants allege plaintiff has failed to exhaust the administrative remedies for

his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS). If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The defendants assert the contract between DOC and CCA/DCF requires DCF to maintain a grievance policy through which the inmates can address issues pertaining to their confinement at DCF that are not necessarily applicable to the DOC, such as inmate property or staff issues. CCA/DCF Grievance Policy 14-5 also requires an inmate first to attempt resolution of an issue through informal procedures before filing a formal grievance.

The special report states that plaintiff filed numerous grievances and appeals related to the claims in this lawsuit. In DCF Grievance #10-122, filed on March 25, 2010, plaintiff complained that Defendant Olden had issued him a false misconduct, reporting he had made sexual comments on March 14, 2010. The grievance was returned to him unanswered,

2

because he had failed to attach a completed informal resolution form, and the grievance process cannot be used to appeal a misconduct. He was instructed in the returned grievance that informal resolution forms should be sent to the unit clerk, where they could be logged. [Docket No. 27-1 at 1-3].

He next filed DCF Grievance #10-147 on April 9, 2010, alleging that Olden had called him a racially derogatory name on March 14, 2010. This grievance also was returned with an explanation that he had failed to attach a completed informal resolution form, and the grievance form was incomplete. [Docket No. 27-1 at 4-8].

On April 23, 2010, he submitted DOC Grievance #10-1799 directly to DOC's Administrative Review Authority (ARA), complaining about Officer Olden and the grievance process. The grievance was returned unprocessed with a notation that plaintiff had addressed more than one issue, the grievance was not sensitive, and the correspondence referenced by plaintiff had not been received by the ARA. [Docket No. 27-1 at 33-37].

Plaintiff filed DCF Grievance #10-161 on April 26, 2010, complaining that Defendant Yandell-Foran had retaliated against him for his earlier grievance against Defendant Olden by telling him he would not leave segregation and issuing a misconduct. The grievance was returned unanswered, because a Request to Staff was not attached, it inappropriately was marked as an emergency when there was no risk of personal injury, and it was past the seven-day deadline for filing a Request to Staff. [Docket No. 27-1 at 9-11].

DCF Grievance #10-176, filed on April 28, 2010, again complained that Olden had referred to him with a derogatory racial slur and wrongfully issued a misconduct. It was returned unanswered as untimely, because the alleged incident had occurred on March 14, 2010. The response further noted that plaintiff's informal resolution form and grievance form were not properly completed. Plaintiff appealed this decision to the ARA, but the appeal was returned to him unprocessed, because it was filed out of time. [Docket No. 27-1 at 12-17].

Next was DCF Grievance #10-188, filed on May 3, 2010, in which plaintiff made the

3

same complaint about Officer Yandell-Foran. This grievance also was returned because it was incomplete and untimely, no proof of informal resolution was attached, and it was improperly marked as "sensitive." Plaintiff was warned that his continued abuse of the grievance procedure would result in his being placed on grievance restriction. He appealed to the ARA in Grievance #10-1799, so numbered because it referred back to the same incident. The ARA returned the grievance unprocessed and noted that plaintiff was on grievance restriction and had not submitted the proper paperwork. [Docket No. 27-1 at 18-21].

Plaintiff filed DCF Grievance #10-197 on May 6, 2010. The grievance, again marked as "sensitive," raised the same claim that Officer Olden had made a derogatory racial remark to him. On May 11, 2010, Warden Keith returned the grievance unanswered with a letter notifying him that he had been placed on grievance restriction. The letter explained the extra steps that plaintiff would have to complete to file a grievance. Plaintiff appealed to the ARA in Grievance #10-1799, which was returned unprocessed for failure to comply with the administrative process. DCF records indicate plaintiff resubmitted the appeal numerous times, resulting in his being placed on 12-month DOC grievance restriction on August 6, 2010. [Docket No. 27-1 at 22-29, 38-59].

After careful review, the court finds plaintiff has not complied with the requirements of 42 U.S.C. § 1997e(a) by completing the administrative exhaustion requirements at his facility. He, therefore, has failed to state a claim regarding the defendants' alleged racial remarks, threats, and retaliation. Those claims are dismissed without prejudice. *See* Fed. R. Civ. P. 12(b)(6).

With respect to his claim that he was issued retaliatory, "bogus" misconducts by the defendants, the record indicates he was convicted of numerous misconducts at DCF. To the extent his complaint could be read to include a challenge to the due process afforded him in the disciplinary proceedings, he cannot recover monetary damages in this civil rights action.

An inmate may not pursue a § 1983 damages claim alleging due process violations

4

occurring during a prison disciplinary proceeding if granting relief would imply the invalidity of the resulting disciplinary conviction, unless that conviction has been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997). Because the misconducts have not been set aside, plaintiff's claim for damages under 42 U.S.C. § 1983 has not yet accrued, and his request for monetary damages must be dismissed.

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987). For the reasons discussed above, the court finds plaintiff's claims regarding his misconducts should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** the defendants' motion to dismiss plaintiff's claims regarding alleged racial remarks, threats, and retaliation [Docket No. 22] is GRANTED, and those claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies as required by to 42 U.S.C. § 1997e(a). Plaintiff's claims regarding his misconduct proceedings are DISMISSED WITHOUT PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2). All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 21st day of March 2012.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**