**FILED**

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MAR 2 6 2013

WILLIAM B. GUTHRIE
Clerk U.S. District Court
By_____
　　Deputy Clerk

LOUIS D. CRAFT, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　)
v. ) No. CIV 10-375-RAW-SPS
　　　　　　　　　　　　　　　　　　　　　　)
C.O. OLDEN, et al., )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )

## OPINION AND ORDER

Plaintiff's civil rights complaint against official of Davis Correctional Facility regarding allegations of racial remarks, threats, and retaliation was dismissed in part for failure to exhaust administrative remedies and in part for failure to state a claim. [Docket No. 32]. He has filed a motion to alter or amend his complaint pursuant to Fed. R. Civ. P. 59(e) [Docket No. 34], which the court construes as a motion to alter or amend the judgment. He also has filed a motion asking the court to reconsider its judgment under Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 61 [Docket No. 35].

In his Rule 59(e) motion, he asserts he did not intentionally file his grievances out of time. Instead, the grievance were out of time because he made procedural errors in the filing that resulted in their untimeliness. He also reiterates the facts of his claims.

Plaintiff's Rule 60(b) motion alleges fraud by the defendants, because they failed to present all the relevant documents. He claims he never received an unanswered appeal of Grievance No. 10-1799, and he disputes the court's statement regarding the numbering of 10-1799 [Docket No. 32 at 4]. He also restates his allegations and disputes that his facility had a grievance procedure in place through which the inmates can address their conditions of confinement. He asks the court to excuse the exhaustion requirement because the defendants allegedly misled him about the procedures. He also asks for relief under Fed. R. Civ. P. 61, apparently claiming there were harmless errors in the court's ruling that affected his rights.

After careful review, the court finds petitioner has failed to show he is entitled to relief under Rule 59(e), Rule 60(a), or Rule 61. "[A] motion will be considered under Rule 59(e) when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Under this analysis, the court finds petitioner has failed to meet his burden.

Rule 60(b) allows relief for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P 60(b).

Here, finds petitioner has failed to set forth any specific facts or law that would warrant relief under Rule 60(b). Plaintiff simply disagrees with the court's analysis and conclusions in its order dismissing this action. Furthermore, plaintiff has failed to present any specific allegation of harmless error under Rule 61, except perhaps that he failed to exhaust his administrative remedies. Therefore, plaintiff's motion to reconsider the judgment

is denied.

**ACCORDINGLY,** plaintiff's motions to alter or amend complaint [sic] [Docket No. 34] and his motion to reconsider the judgment [Docket No. 35] are DENIED.

**IT IS SO ORDERED** this 26th day of March 2013.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**